[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO DISMISS (NO. 108) DEFENDANT'S MOTION TO DISMISS (NO. 107)
By Motion to Dismiss dated August 12, 1992 the defendant moves to dismiss plaintiff's claims for relief regarding alimony and child support, both temporary and permanent, "because the court lacks personal jurisdiction over the person of the defendant, was required by Connecticut General Statutes46b-46(b).
Connecticut General Statutes 46b-46(b) provides that the court may exercise personal jurisdiction over the nonresident party as matters concerning temporary or permanent alimony or support of children, only if: (1) the nonresident party has received actual notice under subsection (a) of this section; and (2) the party requesting alimony or support of children meets the residency requirement of 46b-44; and (3) this state was the domicile of both parties immediately prior to or at the time of their separation.
The parties agree that the nonresident defendant has received actual notice. The plaintiff claims that she will meet the residency requirement of 46b-44 and the defendant does not contest this claim. The defendant, however, does maintain that the plaintiff cannot satisfy the third requirement of 46b-46(b) "that this state was the domicile of both parties immediately prior to or at the time of their separation."
The plaintiff's allegations of her complaint, the respective affidavits of the parties and the testimony of the plaintiff herself confirm the defendant's position that this state was not the domicile of both parties immediately prior to CT Page 8932 or at the time of their separation. The plaintiff has not met her burden of proof in satisfying all three requisite prongs of46b-46(b), the "Connecticut Long Arm Statute" mandating the requirements for in personam jurisdiction in family matters.
Contrary to the plaintiff's memorandum in opposition to the Motion to Dismiss, the court did not previously hear and determine the merits of the defendant's jurisdictional claims, did not previously find that the jurisdictional requirements of46b-46(b) had been met and had no intention of granting temporary support or alimony orders at that time. The court previously did hear about a wife and mother of five children who did not have money or a job, but alleged a survivorship interest in the former Connecticut marital residence which is presently being leased for $2,500.00 monthly. The intent of the court's prior order was solely that the plaintiff wife could obtain and use the $2,500.00 monthly rental for the support of the children. It was entered "without prejudice to your client (meaning the defendant husband) coming in at that time (which he has now done) and arguing that the court does not have in personam jurisdiction over the husband."
The defendant's August 12, 1992 Motion to Dismiss, No. 108, is granted in that the plaintiff does not satisfy the three necessary requirements of 46b-46(b), "the Connecticut Long Arm Statute" for domestic matters.
The defendant's August 13, 1992 Motion to Dismiss, No. 107, is also granted.
The prior ruling on plaintiff's Motion No. 101 is clarified to be in accordance with this memorandum.
BALLEN, JUDGE